Ji_WOODARD, Judge.
The defendant, Marty Ray Coleman, who was convicted of forcible rape, a violation of La.R.S. 14:42.1, and was sentenced to serve forty years at hard labor, now appeals his *860 conviction and sentence based on grounds that:
(1) The trial court erred by overruling defendant’s objections to the trial court’s instructions regarding sentence.
(2) The trial court erred by denying defendant’s request to retake the stand to testify.
(3) The trial court erred by removing defendant from the courtroom and the jury’s verdict was improper because defendant was not present in the courtroom when the jury verdict was returned.
(4) The trial court erred by imposing an excessive sentence of forty years imprisonment at hard labor.
(5) The jury’s verdict was based on insufficient evidence to sustain a conviction.
|2The defendant also asserts the following errors, pro se:
(1) The trial court erred by denying the defendant’s motion to dismiss counsel.
(2) The defendant was denied due process as a result of Brady material.
(3) The defendant was denied due process as a result of ineffective assistance of counsel, in violation of the Sixth Amendment.
LAW
ERRORS Patent
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.
Motion to Dismiss Counsel
We will address this issue first and exclusively, because it is dispositive of the case.
In connection with his ineffective assistance of counsel claim, the defendant claims that the trial court erred in denying his motion to dismiss counsel. The motion was filed December 4, 1996 and was scheduled to be heard January 13, 1997. Notwithstanding, it was not heard on that date. The court indicated that the date had been upset due to an ice storm. However, the motion was never placed back on the docket.
The trial on the merits had been set for April 14, 1997. On that date, the court entertained a motion to reschedule the trial for the following day. It was during that discussion that the defendant, himself, reasserted his motion to dismiss his counsel. The following colloquy took place:
BY MR. SHANNON:
Your Honor, this is Docket Number 244,976_ Mr. Coleman is charged with Forcible Rape. He’s in court with his attorney, Mr. Kutch_ Your Honor, the State would — the State — •
BY THE DEFENDANT:
I’d like to say something, Your Honor.
JjBY THE COURT:
One minute, please. You’ll get a chance to speak.
BY THE DEFENDANT:
Okay.
BY THE COURT:
Right now, the DA’s speaking.
BY MR. SHANNON:
Your Honor, it’s set for trial today. The State would move that the matter be fixed — reset for tomorrow morning when the jury’s present. The State’s ready to proceed.
BY THE COURT:
Okay. Mr. Kutch, you represent him, correct?
BY MR. KUTCH:
That’s correct, Your Honor.
BY THE COURT:
Your client is getting ready to speak. Have you talked to him?
BY MR. KUTCH:
I’ve talked to him. He’s indicated he’s now dissatisfied with my performance and wants another attorney.
BY THE DEFENDANT:
I had this motion to be heard on July— January the 13th. They never — they wouldn’t hear it. I tried to get it did then. I want it heard.
*861 The court inquires what motion and asks the clerk if it was heard. The defendant interjects:
I asked them two or three times for to call them back to court and have it heard.... And they said they would take me back that next Tuesday, but they didn’t — they didn’t ...
The clerk explains that it was never “brought back on the docket.” The court asks the defendant why he is making the motion.
BY THE DEFENDANT:
Because he’s not showing no interest in my case. I tried to get this did before, but they wouldn’t ...
BY MR. SHANNON:
14Judge, Mister — Mister
BY THE DEFENDANT:
... they wouldn’t hear it.
BY MR. SHANNON:
Mr. Kutch has filed ...
BY THE DEFENDANT:
I’m doing two years now ...
BY MR. SHANNON:
... a number of motions in this case.
BY THE DEFENDANT:
... behind a charge I didn’t commit.
BY THE COURT:
One moment, please. One at a time. What’s that, please?
BY MR. SHANNON:
Mr. Kutch has filed a number of motions in this case. I’ve had to dig up ...
BY THE DEFENDANT:
Shit.
BY MR. SHANNON:
... video tape ...
BY MR. KUTCH:
Audio tapes.
BY MR. SHANNON:
... (Indistinct) from the APD and this, that and the other he’s added. I’ve provided all that to Mr. Kutch at Mr. Kutch’s request, over and above.
BY THE COURT:
Speak up, Mr. Kutch.
BY THE DEFENDANT:
Shit.
BY MR. KUTCH:
I’m sorry, Your Honor?
BY THE COURT:
He’s saying that you haven’t done anything to represent him.
JgBY THE DEFENDANT:
Matter of fact, I was cussed ...
BY MR. KUTCH:
I have talked with the—
BY THE DEFENDANT:
... by him this morning.
BY THE COURT:
What’s that, please?
BY MR. KUTCH:
I have talked with the doctor who performed the examinations of the alleged victim. I have talked to the State’s primary witnesses out on, uh, ...
BY MR. SHANNON:
Jackson.
BY MR. KUTCH:
... on Jackson Street, the Smiths. I have spoken to Mr. Coleman on numerous occasions.
BY THE COURT:
Okay.
BY MR. KUTCH:
The only one I have not been able to speak to, it’s because I can’t find her, has been the complainant.
BY THE DEFENDANT:
That’s right. And he — he didn’t tell me nothing.
BY THE COURT:
Okay. Well, that’s a matter that will go to the merits. Your motion—
BY THE DEFENDANT:
And he told me—
BY THE COURT:
Your Motion to Dismiss ...
BY THE DEFENDANT:
He told me—
BY THE COURT:
16 • • • Counsel, Mr. Monty Ray Cole-Marty Ray Coleman is denied, and you’re
[[Image here]]
The trial court then stated that the case would proceed to trial the next morning.
After another matter was handled, the defendant asked the court if he could be repre *862 sented by another counsel if he could find one. He requested more time to contact a lawyer for which he said he could pay. The trial court questioned him as to why he requested the appointment of an attorney when he could afford to retain one. He replied that he just got the money two or three days earlier. The trial court concluded by stating, “You go to trial tomorrow morning at nine thirty, and Mr. Hutch is with you. You do what you have to do.”
An accused’s right to the assistance of counsel is guaranteed by both federal and state law. Additionally, a defendant has a right to engage other counsel even if he already has been assigned one. U.S. Const. Amend. VI; La. Const. Of 1974 Art.I Sec. 13. La.Code Crim.P. art. 515 states:
Assignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of counsel assigned by the court. The Court may assign other counsel in substitution of counsel previously assigned or specially assigned to assist the defendant at the arraignment.
(Emphasis added.)
In State v. Simms, 505 So.2d 981, 984 (La.App. 3 Cir.1987) we stated:
Defendant must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner and at an appropriate state of the proceedings. State v. Seiss, supra [428 So.2d 444]; State v. Leggett, 363 So.2d 434 (La.1978). Absent a justifiable basis, there is no constitutional right to make a new choice of counsel on the very date trial is to begin, with the attendant necessity of a continuance and its disrupting complications. State v. Seiss, supra; State v. Leggett, supra.
(Emphasis added.)
Defendant timely filed his pro se Motion to Dismiss his appointed counsel five months in advance of the trial date. Through no fault of his own, the date the motion was fixed to be heard, January 13, 1997, was the same date of a massive ice storm [7which caused courts to be closed. His motion was not heard by the court until the day his trial was to begin and then, only at his insistence.
We find that this defendant sought to exercise his rights under La.Code Crim.P. art. 515 in a “reasonable time, in a reasonable manner and at an appropriate stage of the proceedings.” He had a “justifiable basis” to request new counsel on the eve of his trial. Because of the unique pattern of facts in this appeal, ie. the trial court’s failure to timely hear his motion to dismiss counsel, the trial court abused its discretion in denying his motion and not permitting him to seek new counsel at his own expense. This is reversible error.
CONCLUSION
Based on the above, the defendant’s conviction and sentence are reversed.
REVERSED.
DOUCET, C.J., dissents.
COOKS, J., will assign additional reasons.